# UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Petition for Offender Under Supervision

6:20mj 165

| | |
|---|---|
| Name of Offender: | Johnny Jessie Reyes           Case No.: 3:14-CR-408-B |
| Name of Sentencing Judge: | U.S. District Judge Jorge A. Solis (Reassigned to U.S. District Judge Jane J. Boyle on November 20, 2019) |
| Date of Original Sentence: | August 12, 2015 |
| Original Offense: | Count 1: Felon in Possession of a Firearm, 18 U.S.C. 922(g)(1) & 924(a)(2), a Class C felony.<br>Count 2: Possession with Intent to Distribute a Controlled Substance, 21 U.S.C 841(a)(1) & (b)(1)(C), a Class C felony |
| Original Sentence: | 44-months custody, 3-year term of supervised release |
| Revocations: | None |
| Detainers: | None |
| U.S. Marshals No.: | 48835-177 |
| Type of Supervision: | Supervised Release     Date Supervision Commenced: May 18, 2018 |
| Assistant U.S. Attorney: | John J. Boyle           Defense Attorney: Sam Ogan (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the offender violated the following conditions:

### Previous Court Notifications

On May 28, 2019, the Court was notified Johnny Jessie Reyes violated his conditions of supervised release by testing positive for illegal controlled substances more than three times over the course of one year. The Court agreed to an exception to mandatory revocation pursuant to 18 U.S.C § 3583(d). Mr. Reyes was referred to the Salvation Army's inpatient program and successfully completed the program on June 27, 2019. Subsequenty, Mr. Reyes began Intensive Outpatient treatment at Phoenix Associates Counseling Services (PACS). The previously reported violations are included within this petition.

Johnny Jessie Reyes
Petition for Offender Under Supervision

# I.

## Violation of Mandatory Condition

The defendant shall not commit another federal, state or local crime.

## Violation of Standard Condition No. 7

The defendant shall refrain from the excessive use of alcohol and shall not purchase, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician

## Nature of Noncompliance

On November 3, 2019, Johnny Reyes violated this condition of supervised release as evidenced by his arrest by the Kaufman Police Department for Assault on a Peace Officer on Duty, a 2nd Degree Felony, in violation of Texas Penal Code § 22.01(b-2); Driving While Intoxicated, in violation of Texas Penal Code § 49.04, a Class B Misdemeanor and Striking an Unattended Vehicle, in violation of Texas Penal Code § 550.024(b)(2).

According to the police report, Kaufman Police Officers responded to a call of a vehicle leaving the scene after striking two vehicles. The officers located a male, later identified as Johnny Reyes, yelling and banging on the side of a door. As they approached him, they immediately detected a strong odor of alcohol. Mr. Reyes was uncooperative and would not submit to the Standardized Field Sobriety Test (SFST). At that time, he was placed under arrests. While one of the officers attempted to place him in the squad car, he tilted his head backwards and lodged his head toward the officer striking him in his face.

The complainant whose vehicle Mr. Reyes struck approached the officers to advise Mr. Reyes vehicle was stuck in a ditch as a result of the car accident. The complainant subsequently filed charges against Mr. Reyes for striking his parked vehicles and failing to provide any information.

Mr. Reyes was uncooperative and denied consent to have his blood drawn, a warrant was issued, and his blood was drawn. The tests have been sent to a lab for testing.

While conducting an inventory of Mr. Reyes' car, a pipe used for illegal narcotics was located. Kaufman Police subsequently completed a summons on Mr. Reyes for the offense of Possession of Drug Paraphernalia. He has not been charged with this offense.

Mr. Reyes remains in custody at the Kaufman County Jail on a $270,000.00 Surety Bond.

Johnny Jessie Reyes
Petition for Offender Under Supervision

## II.

### Violation of Mandatory Condition

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Violation of Standard Condition No. 7

The defendant shall refrain from the excessive use of alcohol and shall not purchase, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

### Nature of Noncompliance

Johnny Reyes violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in or about August 2018. On August 22, 2018, Mr. Reyes admitted, verbally and in writing, to U.S. Probation Officer Monica Villegas that he possessed and used marijuana on August 18, 2018.

Mr. Reyes violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in or about March 2019. On March 14, 2019, Mr. Reyes submitted a urine specimen at Phoenix Counseling Associates (PACS), Garland, Texas, that tested positive for marijuana. On March 28, 2019, Mr. Reyes admitted, verbally and in writing, to U.S. Probation Officer LaMonica Robertson (USPO Robertson) that he possessed and used marijuana daily from March 10-23, 2019.

Mr. Reyes violated these conditions of supervised release by using and possessing marijuana and amphetamines, an illegal controlled substance, in or about March 2019. On March 28, 2019, Mr. Reyes submitted a urine specimen at the United States Probation Office in Dallas, Texas, that tested positive for marijuana and amphetamines. On March 28, 2019, Mr. Reyes admitted, verbally and in writing, to USPO Robertson that he possessed and used marijuana daily from March 10-23, 2019. In addition, On March 29, 2019. Mr. Reyes admitted verbally to USPO Robertson that he possessed and used Xanax on March 27, 2019.

Mr. Reyes violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in or about April 2019. On April 30, 2019, Mr. Reyes submitted a urine specimen at Phoenix Counseling Associates (PACS), Garland, Texas, that tested positive for marijuana. On May 14, 2019, Mr. Reyes admitted, verbally and in writing, to USPO Robertson that he possessed and used marijuana on April 27, May 4 and 11, 2019.

Mr. Reyes violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in or about May 2019. On May 16, 2019, Mr. Reyes submitted a urine specimen at Phoenix Counseling Associates (PACS), Garland, Texas, that tested positive for marijuana. On May 14, 2019, Mr. Reyes admitted, verbally and in writing, to USPO Robertson that he possessed and used marijuana on April 27, May 4 and 11, 2019.

Johnny Jessie Reyes
Petition for Offender Under Supervision

Mr. Reyes violated these conditions of supervised release by using and possessing cocaine, an illegal controlled substance, in or about September 2019. On September 23, 2019, Mr. Reyes submitted a urine specimen at Phoenix Counseling Associates (PACS), Garland, Texas, that tested positive for cocaine. On October 9, 2019, this drug test was confirmed by Alere Toxicology as cocaine.

Mr. Reyes violated this condition of supervised release when he failed to submit to urinalysis tests as directed to Phoenix Counseling Services on October 22, November 13, 2018, January 21, April 8, and August 24, 2019.

## Personal History

Johnny Reyes began his term of supervised release on May 18, 2018, in the Northern District of Texas. At that time, he was referred to substance abuse treatment and placed on the Code-a-Phone call in system to monitor substance abuse. In addition, Mr. Reyes was referred to Centre di Mi Salud (CDMS) for mental health treatment; as a result of his mental health assessment, he received a dual diagnosis and began mental health and substance abuse treatment at CDMS. He initially resided with his mother in Royce City, Texas eventually moving to Dallas where he rents a room from a family friend. Mr. Reyes has maintained stable employment since his sentence commenced.

On March 28, 2019, he was referred to Supportive Outpatient at Phoenix Associates Counseling Services (PACS) after submitting a urinalysis test that tested positive for amphetamine and marijuana.

On March 29, 2019, Mr. Reyes, called U.S. Probation Officer La Monica Robertson (USPO Robertson) advising that he and his girlfriend, used Xanax on March 27, 2019.

On April 8, 2019, Mr. Reyes called USPO Robertson advising that he used Xanax and attempted to commit suicide by trying to jump off a bridge due to being upset about breaking up with his girlfriend. USPO Robertson provided instructions for him to call the suicide hotline and request to be transported to Green Oaks or Parkland Hospital. He was transported to the Parkland Psychiatric Ward for evaluation for 24 hours and subsequently transported to the Serenity House for 72 hours.

On April 11, 2019, USPO Robertson visited Mr. Reyes at the Serenity House where he was staying under suicide watch and medication monitoring. He was provided instruction to contact his mental health counselor upon his release. Serenity House provided him a referral to the Association of Persons Affected by Addiction (APPA) to provide him strength-based recovery management and ongoing support. Unfortunately, Mr. Reyes failed to follow the directives of APPA and resumed using illegal controlled substances a few weeks after his release.

On May 14, 2019, Mr. Reyes was referred to inpatient at the Salvation Army and admitted on May 28, 2019, when an opening became available. Mr. Reyes continued in mental health and substance abuse treatment until he was admitted to the inpatient substance abuse treatment program at the Salvation Army.

On May 28, 2019, the Court granted Mr. Reyes an exception to 18 U.S.C. § 3583(g)(4), mandatory revocation for more than three positive urinalysis tests over the course of one year. Pursuant to 18 U.S.C. § 3583 (d), the Court allowed Mr. Reyes to attend inpatient treatment. He immediately transitioned into the Intensive Outpatient Program (IOP) upon his discharge from inpatient treatment. He's currently participating in the intensive outpatient treatment program at PACS.

Johnny Jessie Reyes
Petition for Offender Under Supervision

On November 3, 2019, Mr. Reyes was arrested for Assault of a Peace Officer, Driving While Intoxicated and Duty on Striking an unattended vehicle. He is currently being held in the Kaufman County Jail $270,000.00 Surety Bond.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | Counts 1-2: 2 years, per count. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance, refusal to comply with drug testing and testing positive more than 3 times over the course of 1 year. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1), (g)(3) & (g)(4). |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, 18 U.S.C. § 3583(h) |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | B | USSG § 7B1.1(a)(2), p.s. and 7B1.3(a)(1), p.s. |
| **Criminal History Category:** | IV | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | Counts 1-2: 12-18 months, per count | USSG §7B1.4(a), p.s. |
| **Fine:** | None | |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Johnny Jessie Reyes
Petition for Offender Under Supervision

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 25, 2019
Respectfully submitted,

_____
LaMonica Robertson
U.S. Probation Officer
Dallas
Phone: 817-505-4474

Approved,

_____
Jesus A. Garza
2019.11.25
22:53:42 -06'00'

Jessie Garza
Supervising U.S. Probation Officer
Phone: 214-316-4110

## Order of the Court:

- [ ] No action.
- [x] The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.
- [ ] The Issuance of a Summons
- [ ] Other or Additional: _____

- [ ] File under seal until further order of the Court.

_____
The Honorable Jane J. Boyle
U.S. District Judge

12-3-19
Date